UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                **Hon. Hugh B. Scott**

                07CR59A

v.

                **DECISION**
                **&**
                **ORDER**

Shaun O. Moore,

        Defendant.

The defendant, Shaun Moore, has filed an omnibus motion seeking the following relief: a Bill of Particulars; disclosure of <u>Brady</u> and Jencks Act material; a motion to suppress physical evidence; disclosure of the identities of informants, and severance. (Docket No. 8). [1]

**Background**

On March 8, 2007, a federal grand jury returned a three-count indictment charging the defendant with two counts of illegal possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and onc count of possession of marijuana in violation of 21 U.S.C. § 844(a).

---

[1] The motion to suppress will be the subject of a separate Report & Recommendation.

**Brady, Giglio & Jencks  Material**

The defendant has requested that the government disclose all materials potentially favorable to the defendants, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).  This includes information under Giglio v. United States, 405 U.S. 150 (1972).  The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which he seeks to obtain. The government has represented that it will provide all impeachment Brady material prior to trial in accordance with the District Court's schedule. (Docket No. 10 at page 10).

Neither the Supreme Court, nor the Second Circuit,[2] have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

    The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady"

material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady, mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, balancing all of the above factors, the Court concludes that disclosure of such impeachment-Brady material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

With respect to material that would fall purely under the Jencks Act, such information is to be disclosed in compliance with the District Court's trial order.

## Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).  The government is not obligated to "preview

its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment, and upon the discovery and information already provided or promised in this case (Docket No. 10, page 7), the defendant has not demonstrated that further particularization is required to protect him from double jeopardy or to enable him to adequately prepare a defense and avoid surprise at trial.

### Identity of Informants

Defendant Moore seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Rule 16 does not require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990). The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

**Motion for Severance**

Defendant Moore also lists "severance" among the relief requested in the omnibus motion. (Docket No. 8 at page 1). The indictment in this case does not charge any co-defendants and Moore's papers do not otherwise set forth any argument to support the request for severance. It appears that this request for relief may have been included by inadvertent error. In any event, such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented. See United States v. Hennings, 1997 WL 714250 (W.D.N.Y. 1997); United States v. Vona, 842 F.Supp. 1534 (W.D.N.Y. 1994).

**Conclusion**

The omnibus motion (Docket No. 8) is granted in part and denied in part consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 20, 2007